UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RONALD GRANT BORDEAUX JR.,
#208528,

    Plaintiff,                                                 Civil Action No. 20-CV-13262

v.                                                         HON. BERNARD A. FRIEDMAN

MDOC/BUREAU OF HEALTH
SERVICES, et al.,

    Defendants.

_____/

## OPINION AND ORDER OF DISMISSAL

Plaintiff, a state prisoner currently detained at Carson City Correctional Facility in Carson City, Michigan, has filed a pro se civil rights complaint pursuant to 28 U.S.C. § 1983. The case is presently before the Court for screening under 28 U.S.C. §§ 1915(e) and 1915A(b). For the reasons stated below, the Court shall dismiss the complaint because the named defendants are immune from suit and because the complaint fails to state a claim upon which relief may be granted.

Plaintiff has been in the custody of the Michigan Department of Corrections ("MDOC") since January 2020. In that time, he has experienced "a whole array of maladies." Compl., ECF No. 1, PageID.6. He suffers from constant pain, broken bones and head injuries from falls, as well as significant damage to his teeth from grinding them due to untreated pain. *Id*. at PageID.7. Despite his lengthy list of injuries and health conditions, plaintiff allegedly has received "no medical treatment whatsoever." *Id*. at PageID.8, 16-17.

Plaintiff names as defendants MDOC/Bureau of Health Services; Heidi Washington, Director of the MDOC; and two MDOC facilities, the Reception and Guidance Center ("RGC") and Carson City Correctional Facility ("DRF"). Plaintiff's lack of medical care allegedly occurred at

RGC from January 15 to July 31, 2020, and at DRF from July 31, 2020, until he filed his complaint on December 3, 2020. ECF No. 1, PageID.6. For relief, plaintiff indicates that he "feel[s] there has to be some kind of settlement/compensation." ECF No. 1, PageID.8. Plaintiff also complains about being denied parole, for which he was eligible in December 2020, but he raises no specific claims about that denial. *Id*. at PageID.6.

Under the Prison Litigation Reform Act ("PLRA"), a court is required to dismiss a prisoner's complaint if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. *See Flanory v. Bonn*, 604 F.3d 249, 252 (6th Cir. 2010). A complaint is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). It is "subject to dismissal for failure to state a claim if the allegations, taken as true, show the plaintiff is not entitled to relief." *Jones v. Bock*, 549 U.S. 199, 215 (2007).

When evaluating a complaint under the PLRA, courts "construe the complaint in the light most favorable to the plaintiff, accept all well-pleaded factual allegations as true, and examine whether the complaint contains 'sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Hill v. Snyder*, 878 F.3d 193, 203 (6th Cir. 2017) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). A pro se civil rights complaint is to be construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

A complaint must set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3). "[D]etailed allegations are not necessary, but under Rule 8(a) the pleading must give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*,

2

550 U.S. 544, 555 (2007) (internal quotation marks and citation omitted).  This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 566 U.S. at 677.

To state a claim under 42 U.S.C. § 1983, "a plaintiff must set forth facts that, when construed favorably, establish (1) the deprivation of a right secured by the Constitution or laws of the United States (2) caused by a person acting under the color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).  A plaintiff must allege "more than just mere negligence," *Fisher v. City of Memphis*, 234 F.3d 312, 317 (6th Cir. 2000), and show that "the defendants were personally involved in the alleged deprivation of federal rights." *Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002).

Plaintiff claims that he is being denied medical care, despite his serious health care needs including severe and constant pain.  "[D]eliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (internal quotation marks and citation omitted).  To state such a claim, plaintiff must first allege that his medical needs were "sufficiently serious." *Darrah v. Krisher*, 865 F.3d 361, 367 (6th Cir. 2017).  Second, he must allege that defendant(s) acted with "a sufficiently culpable state of mind in denying medical care." *Blackmore v. Kalamazoo Cnty.*, 390 F.3d at 890, 895 (2004).

Plaintiff's allegation that he has severe and untreated pain suffices to show that his medical needs were "sufficiently serious" to meet the objective component of a deliberate indifference claim. *Darrah*, 865 F.3d at 367.  However, plaintiff has named no defendants who personally were involved in this alleged denial of care.  Nor has he alleged any conduct that might demonstrate a subjective perception of a serious risk of harm and disregard for that risk.  Plaintiff's

3

complaint therefore fails to state a claim upon which relief may be granted.

Further, the defendants whom plaintiff has named are either immune from suit or not properly subject to suit. Claims against the MDOC are barred by the Eleventh Amendment. *See Harrison v. Michigan*, 722 F.3d 768, 771 (6th Cir. 2013). The MDOC's director, defendant Heidi Washington, is also immune from suit. Plaintiff has sued Washington in her official capacity, and "a suit against a state official in his or her official capacity . . . is no different from a suit against the State itself." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Further, the two correctional facilities that plaintiff has named are institutions operated by the MDOC, but they are not "persons" or legal entities subject to suit under 42 U.S.C. § 1983. *See Parker v. Mich. Dep't of Corr.*, 65 F. App'x 922, 923 (6th Cir. 2003); *Ryan v. Corizon Health Care*, No. 13-525, 2013 WL 5786934, at *7 (W.D. Mich. Oct. 28, 2013) ("[T]he individual prisons named as Defendants in this action (ICF, IBC, LRF and RGC) are buildings used by the MDOC to house prisoners. They are not the proper public entity for suit.").

For these reasons, the Court concludes that plaintiff's complaint fails to state a claim, and that it names defendants that are immune from suit or lack the capacity to be sued. Accordingly,

IT IS ORDERED that the complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2) because it fails to state a claim and names immune defendants.

IT IS FURTHER ORDERED that plaintiff may not proceed on appeal in forma

pauperis because any appeal in this matter would not be taken in good faith within the meaning of 28 U.S.C. § 1915(a)(3).

|  |  |
|---|---|
| Dated: March 23, 2021<br>Detroit, Michigan | s/Bernard A. Friedman<br>Bernard A. Friedman<br>Senior United States District Judge |

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on March 23, 2021.

| | |
|---|---|
| Ronald Bordeaux, #208528<br>CARSON CITY CORRECTIONAL FACILITY<br>10274 BOYER ROAD<br>CARSON CITY, MI 48811 | s/Johnetta M. Curry-Williams<br>Case Manager |